

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-84,325-01

### EX PARTE STANLEY GRIFFIN, Applicant

### ON APPLICATION FOR POST-CONVICTION WRIT OF HABEAS CORPUS IN CAUSE NO. 10-05176-CRF-361 IN THE 361ST DISTRICT COURT BRAZOS COUNTY

*Per curiam*.

## **O R D E R**

In June 2012, a jury found applicant guilty of the offense of capital murder. The jury answered the statutory punishment questions in such a way that the trial court set applicant's punishment at death. Pursuant to Article 11.071 §§ 4(a) and (b)[1], applicant's initial application for a writ of habeas corpus was due to be filed in the trial court on or

---

[1] Unless otherwise indicated all references to Articles refer to the Code of Criminal Procedure.

before November 28, 2014, assuming a motion for extension was timely filed and granted.

On December 16, 2015, because it had been a year since the application was due in the trial court, we ordered the trial court to resolve any remaining issues in the case within 180 days from the date of the order, and we ordered the clerk to thereafter immediately transmit the complete writ record to this Court. *Ex parte Griffin*, No. WR-84,325-01 (Tex. Crim. App. Dec. 16, 2015)(not designated for publication). However, this Court then reversed applicant's conviction and sentence on direct appeal. *Griffin v. State*, 491 S.W.3d 771 (Tex. Crim. App. 2016). Although this reversal rendered moot any allegations raised in a timely filed application for a writ of habeas corpus, because such a writ application is statutorily returnable to this Court, the trial court is without authority to finally dispose of the writ. Art. 11.071 §§ 6(a), 11; *see also Ex parte Reed*, 271 S.W.3d 698, 727 (Tex. Crim. App. 2008)(recognizing the Court of Criminal Appeals as the ultimate factfinder in habeas corpus proceedings).

Accordingly, we dismiss the Article 11.071 writ application in this Court and order the trial court to take no further action on it.

IT IS SO ORDERED THIS THE 29TH DAY OF MARCH, 2017.

Do Not Publish